IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

TRAVIS EDMUNDS,

     Plaintiff,

v.                                 **Case No. 2:17-cv-01953**

STATE TROOPER STEP,
SPENCER CITY POLICE KING,
7 OR 8 OTHER TROOPERS, and
CITY POLICE (unknown names),

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On March 21, 2017, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint under 42 U.S.C. § 1983 (ECF No. 2) alleging that, on October 23, 2015, he was assaulted and injured by various law enforcement officers during an arrest in Spencer, West Virginia. According to the envelope in which the initiating documents were mailed, the plaintiff was then incarcerated at the Central Regional Jail in Sutton, West Virginia. However, mail sent to the plaintiff at the Central Regional Jail was returned as undeliverable on March 27, 2017. (ECF No. 4). The mail was re-sent to the plaintiff at an address in Culloden, West Virginia, which was provided by the plaintiff by letter docketed on May 30, 2017. (ECF No. 5).

On September 25, 2017, in light of the plaintiff's release from custody, the undersigned entered an Order directing the plaintiff to complete a new Application to Proceed Without Prepayment of Fees and Costs ("Application") by October 9, 2017 and to keep the court informed of his correct contact information. (ECF No. 7). The Order

further notified the plaintiff that the failure to comply with the court's Order may result in the recommended dismissal of this matter for failure to prosecute. (*Id.*) The plaintiff failed to file a new Application and has wholly failed to communicate or participate in this litigation since that time.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The plaintiff failed to file a new Application as ordered by the court and he did not provide the court with his updated contact information. Thus, this court is unable to move this matter forward. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff; and dismissal appears to be the only appropriate sanction. However, because the defendants were never served with process, a dismissal without prejudice may be less drastic.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and **DENY AS MOOT** his initial Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address.

June 21, 2018

Dwane L. Tinsley
United States Magistrate Judge